USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/1/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICE PEOPLE AT WORK, INC.,

                    Plaintiff,

     v.

MATT STERNBERG,

                    Defendant.

1:21-cv-00019-GHW

ORDER GRANTING
PRELIMINARY INJUNCTION
IN PART

GREGORY H. WOODS, District Judge:

    WHEREAS, the Court has considered the complaint, and the other filings submitted to the Court in this matter;

    WHEREAS, the parties appeared for a hearing with respect to Plaintiff's application for preliminary injunctive relief before the Court by teleconference on January 29, 2021;

    WHEREAS, with respect to Plaintiff's claims for (i) breach of its employment agreement with Defendant (other than the alleged breach of the non-compete provision contained therein), (ii) breach of the Defend Trade Secrets Act, and (iii) misappropriation of trade secrets, the Court has concluded that Plaintiff has made a sufficient showing of the following:

    (1) A likelihood of success on the merits or that there are sufficiently serious questions going to the merits of Plaintiff's claims to make them fair ground for litigation; and

    (2) Plaintiff will suffer irreparable harm in the absence of injunctive relief;

    WHEREAS, the Court has provided a detailed record of its findings of fact and conclusions of law on the record during the conference held on January 29, 2021;

    NOW, upon motion by Plaintiff, it is hereby

    ORDERED that Defendant is restrained and enjoined from taking any of the following

actions, and from supporting or inducing any efforts by any other person to take any of the following actions, in each case either directly or indirectly:

1. diverting or attempting to divert from Plaintiff any business that Plaintiff had enjoyed, solicited, or attempted to solicit, prior to the termination of Sternberg's employment with NPAW for a period of twelve (12) months from January 5, 2021; and from

2. inducing, soliciting or attempting to induce or solicit any employee or contractor of Plaintiff to leave Plaintiff's employ for a period of twelve (12) months from January 5, 2021; and from

3. disclosing, divulging, revealing, reporting or using, for any purpose, any of Plaintiff's confidential information or trade secrets which Defendant obtained or which was disclosed to Sternberg by Plaintiff as a result of Defendant's employment by Plaintiff.

The Court finds that Plaintiff has not demonstrated a sufficient likelihood of success on the merits with respect to its claim for breach of the non-compete provision contained in its employment agreement with Defendant.  For that and the other reasons specified on the record during the hearing on January 29, 2021, Plaintiff's request for an injunction terminating Defendant's employment at Bitmovin is DENIED.

SO ORDERED.

Dated:  February 1, 2021

_____
GREGORY H. WOODS
United States District Judge