# Berkowitz Lichtstein

BERKOWITZ, LICHTSTEIN, KURITSKY, GIASULLO & GROSS, LLC • COUNSELORS AT LAW

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/30/2021
```

## MEMORANDUM ENDORSED

Roy J. Thibodaux, III
Direct Line: 973-243-6030
E-mail: rthibodaux@blkgg.com          File#

September 29, 2021

**Via ECF**
Honorable Gregory H. Woods, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      **RE:  Nice People at Work, Inc. v. Matt Sternberg**
      **Civil Action No.: 21-cv-00019(GHW)**

Dear Judge Woods:

      This firm represents plaintiff, Nice People at Work, Inc. ("NPAW"), in the above-referenced matter. Pursuant to Your Honor's Order dated September 23, 2021 (ECF No. 44), we are filing shortly hereafter on behalf of plaintiff a proposed order to show cause to hold defendant Sternberg in contempt. In support of plaintiff's order to show cause, we intend to rely upon the Declaration of Jordi Bartomeu, NPAW's Chief Strategy Officer, which Declaration, along with the exhibits thereto, we respectfully submit should be redacted from the public docket for the reasons set forth herein.

      Included in and attached to Mr. Bartomeu's Declaration are NPAW's confidential trade secrets, including but not limited to customer contact information and documents marked as Confidential pursuant to the Stipulated Confidentiality Agreement and Protective Order (ECF No. 41). Your Honor previously ruled that similar NPAW information constituted trade secrets entitled to be sealed, and entered an Order granting plaintiff's motion to seal. (ECF Nos. 17, 27, 46). In lieu of a more formal pleading, NPAW respectfully submits the instant letter motion pursuant to L. Civ. R. 7.1(d), Your Honor's Individual Rules of Practice 4(A)(ii), Standing Order 19-mc-00583, and the Stipulated Confidentiality Agreement and Protective Order, paragraph 10, seeking judicial approval to seal from the public docket the redacted portions of Mr. Bartomeu's Declaration and the exhibits thereto.

{00086280}

# Berkowitz Lichtstein

BERKOWITZ, LICHTSTEIN, KURITSKY, GIASULLO & GROSS, LLC • COUNSELORS AT LAW

Honorable Gregory H. Woods, U.S.D.J.
Page 2

**Legal Argument**

Judicial documents may be sealed if closure is essential to preserve higher values and is narrowly tailored to serve that interest. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). "Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard given the important privacy interests at stake." Rensselaer Polytechnic Inst. v. Amazon.com, Inc., 2019 WL 2918026, at *2 (N.D.N.Y. June 18, 2019) (citing Hypnotic Hats, Ltd. v. Wintermantel Enters, LLC, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (internal quotation marks omitted); Arar v. Ashcroft, 585 F.3d 559, 610 (2d Cir. 2009) (listing types of matters where the presumption of openness is overcome, including those involving "trade secrets"); In re New York Times Co., 577 F.3d 401, 410 n.4 (2d Cir. 2009) ("When litigation requires disclosure of trade secrets, the court may disclose certain materials only to the attorneys involved.")).

Your Honor's Individual Rules of Practice 4(A)(i) and Rule 21.4 of the SDNY ECF Rules and Instructions, identify "proprietary or trade secret information" as information that "should be treated with caution and may warrant a motion for approval of sealed or redacted filing. Those Rules further provide: "Sensitive information and information requiring caution must not be included in any document filed with the Court unless such inclusion is necessary and relevant to the case."

During defendant Sternberg's live testimony before this Court on January 6, 2021, defendant Sternberg admitted to transferring dozens of emails from his NPAW corporate email account to his personal email account prior to and after his voluntary resignation from NPAW on September 4, 2020. In response to NPAW's discovery demands, defendant Sternberg produced more than 300 separate emails that he sent to his personal email account from his NPAW email account. As described in the Declaration of Ferran Gutierrez, CEO of NPAW, those emails include extensive proprietary documents of NPAW and contact information for key customers. (ECF 6 at ¶ 33-37). NPAW designated "Customer Information" as confidential in paragraph 23 of NPAW's Employment Contract with defendant Sternberg. (ECF No. 6, Exhibit C, ¶ 18).

Here, the information sought to be sealed from the public records contains NPAW's customer and potential customer contact information that NPAW considers a trade secret, along with Confidential Discovery Materials as defined in the Stipulated Confidentiality Agreement and Protective Order, ECF No. 41. Additionally, documents produced by non-party Bitmovin, Inc. (Mr. Sternberg's current employer which produced documents in response to a subpoena by NPAW) reveal the identity of the customer / potential customer contact information considered confidential by NPAW, and the disclosure of same would reveal the customer contact information that NPAW considers a trade secret and treats as confidential. Accordingly, it should be treated in the same manner such information is treated by NPAW, especially since it seems clear that defendant Sternberg misappropriated same from NPAW when he emailed said confidential information to his personal email account.

# Berkowitz Lichtstein

BERKOWITZ, LICHTSTEIN, KURITSKY, GIASULLO & GROSS, LLC • COUNSELORS AT LAW

Honorable Gregory H. Woods, U.S.D.J.
Page 3

The redacted content in Mr. Bartomeu's Declaration and the exhibits thereto is non-public and proprietary business information of NPAW, which should not be disseminated, disclosed or otherwise revealed on the public docket. NPAW designated the emails that originated from its company as Confidential pursuant to the Stipulated Confidentiality Agreement and Protective Order. Moreover, said emails state that "this e-mail message may contain confidential or legally privileged information and is intended only for the use of the intended recipient(s)."

Here, NPAW was compelled to file certain confidential trade secret information in order to establish that defendant Sternberg is in contempt of Your Honor's Preliminary Restraining Order (ECF No. 26), as said information is relevant because it is needed to demonstrate how defendant Sternberg diverted or attempted to divert from NPAW business that NPAW had, solicited, or attempted to solicit prior to the termination of defendant Sternberg's employment with NPAW on September 11, 2020. Under Your Honor's rules, litigants are encouraged to treat trade secrets with caution and to file a motion for approval of redacted filing to preclude disclosure of such information on the public docket. Under the applicable standards and rules, the confidential information redacted from Mr. Bartomeu's Declaration and the exhibits thereto should be sealed and not accessible on the public docket.

## Conclusion

NPAW respectfully requests that the Court enter an Order sealing the record as to the redacted portions of Mr. Bartomeu's Declaration and the exhibits thereto, which Declaration plaintiff relies upon in support of its order to show cause that will be filed forthwith.

Respectfully Submitted,

ROY J. THIBODAUX III

---

Application denied. In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars sealing. *See* 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation omitted). Second, if the materials are "judicial documents," the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Id.* (quoting *United States v. Erie Cnty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (quotation omitted). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

Plaintiff moves to seal redacted portions of Mr. Bartomeu's declaration and attached exhibits, which are judicial documents. The weight of the presumption of access of the information that Plaintiff seeks to seal is high. The redacted information includes the name and contact information of the company that Plaintiff alleges Defendant contacted in violation of the Court's restraining order, and substantially all of the evidence that supports Plaintiff's application. That information is crucial to the Court's assessment of whether Defendant violated the Court's restraining order. Although Plaintiff has a business interest in keeping the information sealed, that interest does not overcome the presumption of public access to these materials given the weight of the presumption in this context. Accordingly, Plaintiff's application to seal all of the redacted information is denied.

Plaintiff is directed to file unredacted versions of the documents on the public docket no later than October 8, 2021. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 49.

SO ORDERED.

Dated: September 30, 2021
New York, New York

GREGORY H. WOODS
United States District Judge